# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| EARLE SHERVINGTON, )<br>)<br>    Plaintiff, )<br>v. )<br>)<br>GALLOWS BAY HARDWARE, INC., )<br>)<br>    Defendant. )<br>_____) | CIVIL NO. 2003/0165 |

## MEMORANDUM OPINION

Finch, Senior District Judge,

  THIS MATTER comes before the Court on the Motion to Stay Proceedings and Compel Arbitration filed by Defendant Gallows Bay Hardware, Inc. [hereinafter "Gallows Bay"]. Plaintiff Earle Shervington opposes such motion. Gallows Bay failed to file a reply after requesting and being granted extensions of time to do so.

  Shervington opposes arbitration on the grounds that an Employment Contract he entered into with Gallows Bay lacks consideration and is unenforceable for nonconformity with 24 V.I.C. § 74a. Shervington also asks the Court to find the arbitration provisions both procedurally and substantively unconscionable and to conclude that the unconscionable terms so permeate the arbitration provision that they cannot be severed.

**I.**  **Whether the Employment Contract Lacks Consideration**

  Consideration is required to form a contract. Restatement (Second) of Contracts § 17. "[T]he question of whether there is adequate consideration is for the Court." Plaskett v. Bechtel Intern., Inc., 243 F. Supp.2d 334, 338 (D.V.I. 2003). "When both parties have agreed to be bound by arbitration, adequate consideration exists and the arbitration agreement should be

enforced." Blair v. Scott Specialty Gases, 283 F.3d 595, 603 (3d Cir. 2002).

Shervington argues that he is bound to arbitrate any disputes with Gallows Bay, but that Gallows Bay is not similarly bound. In support, Shervington refers the Court to paragraph 3.4 of the Employment Contract which provides:

> 3.4  This contract gives no employment or legal rights to the Employee nor does it obligate the Employee to the service of the Employer. The Employee acknowledges the right of the Employer to control the job and specifically waives any employment rights except as exist in this Contract.

Shervington interprets this provision as meaning that he has no legal right to enforce any part of the Employment Contract in any forum, whether judicial or arbitral. The Court finds the provision inscrutable since it purports to give the Employee no legal rights, yet also recognizes that employment rights exist in the Employment Contract.

Another provision of the Employment Contract is more illuminating. See Restatement (Second) of Contracts § 202(2) (requiring the Court to construe the writing as a whole). Paragraph 6.1 states, in relevant part:

> 6.1  The grounds for termination of employment by either party are described in Section 3, "Term." Any controversy which arises out of Employee's employment or termination of employment shall be the subject of a grievance pursuant to this section including, without limitation, arbitration of all matters (tort, contract or operation of law). whether created by this Contract, local or federal statute, or otherwise. The parties specifically waive any and all rights they may have to seek a remedy through any system including, without limitation, a court suit or administrative hearing, except for arbitration . . . .

In this paragraph, Gallows Bay commits to arbitration of any controversies arising out of Employee's employment or termination of employment and waives access to a judicial forum or an administrative hearing. As in Plaskett v. Bechtel Intern., Inc., "[t]he Court finds that both parties provided consideration in that they both agreed to be bound by arbitration and that there

is, therefore, mutuality of obligation." 243 F. Supp.2d at 338.

The arbitration provisions provide consideration for the Employment Contract, in that both parties agreed to be bound by arbitration. Even if the Court were to ultimately conclude that the parties' agreement to arbitrate is unenforceable, the arbitration provisions still constitute consideration for the Employment Contract. See Restatement (Second) of Contracts § 78 ("[A] rule of law [that] renders a promise ... unenforceable does not prevent it from being consideration").

## II.   Whether 24 V.I.C. § 74a Controls Arbitration Agreements

Shervington argues that arbitration should be precluded for failure to comply with the procedural requirements of 24 V.I.C. § 74a(a).[1] This Court previously held that failure to comply with 24 V.I.C. § 74a does not render an arbitration agreement unenforceable. The Third Circuit affirmed that holding in Edwards v. HOVENSA, LLC, 497 F.3d 355, 362 n. 5 (3d. Cir.2007).

---

[1] Title 24 V.I.C. § 74a provides:

(a) Notwithstanding an employment contract that provides for the use of arbitration to resolve a controversy arising out of or relating to the employment relationship, arbitration may be used to settle such a dispute only if:
    (1) the employer or employee submits a written request after the dispute arises to the other party to use arbitration; and
    (2) the other party consents in writing not later than sixty (60) days after the receipt of the request to use arbitration.

(b) An employer subject to this chapter may not require an employee to arbitrate a dispute as a condition of employment

**III.     Whether the Arbitration Provisions are Procedurally and Substantive Unconscionable.**

    A.     Procedural Unconscionability

An agreement that constitutes a contract of adhesion is generally consider procedurally unconscionable. Alexander v. Anthony Intern., L.P., 341 F.3d 256, 265 (3d Cir. 2003). "A contract of adhesion is one which is prepared by the party with excessive bargaining power who presents it to the other party for signature on a take-it-or-leave-it basis." Id. at 265 (quotation omitted).

Shervington submits that Gallows Bay drafted the Employment Contract, was the far more financially powerful and sophisticated party, and required him to sign the Employment Contract to keep his position. According to Shervington, there was no opportunity for him to negotiate the terms of the Employment Contract. Gallows Bay does not contradict Shervington's averments. Given Shervington's uncontroverted representations, the Court finds that the Employment Contract is a contract of adhesion and, thus, procedurally unconscionable.

    B.     Substantive Unconscionability

Shervington contends that the provision is substantively unconscionable in that (1) the grievance prerequisite is one-sided, (2) the time limit to make a claim is unfairly short, (3) the confidentiality provision included with the American Arbitration Association (AAA) Rules disproportionally favor employers; and (4) the cost-splitting provision is prohibitive given Shervington's financial situation.

4

       1.       One-Sided Provisions

Shervington contends that the arbitration provisions are one-sided in that Shervington must serve Gallows Bay with a grievance before filing a claim, but Gallows Bay can demand arbitration without first serving Shervington with a grievance. A grievance procedure serves the laudable purpose of giving the parties an opportunity to resolve their differences before resorting to arbitration. However, the grievance procedure of this Employment Contract is one-sided in that it does not guarantee Shervington the chance to resolve differences with Gallow Bay informally, when Gallows Bay is the moving party. Because this provision unreasonably favors Gallows Bay, it is substantively unconscionable.

       2.       Time for Bringing Claim

An employment agreement may reasonably limit the time to bring a claim or provide notice of a claim. <u>Id.</u> at 266. The Employment Contract only affords Shervington three days to file a grievance after an incident or termination. The Third Circuit in <u>Alexander</u> found a thirty-day limitations period to be "clearly unreasonable and unduly favorable to [the employer]. <u>Id.</u> Thus, there can be no question that a three-day period is substantively unconscionable.

       3.       Confidentiality Provision

Shervington considers the Rules of the American Arbitration Association that concern confidentiality to be unconscionable. He fails to acknowledge and distinguish the Third Circuit's holding in <u>Parilla v. IAP Worldwide Services, VI, Inc.</u>, 368 F.3d 269, 281 (3d Cir. 2004) that incorporation of the confidentiality provisions is not unconscionable. The Court is bound by this precedent to find that the confidentiality provisions are not substantively unconscionable.

4.      Cost-Splitting Provision

The Employment Contract provides that "[a]ll arbitration expenses shall be paid eighty percent (80%) by the Employer and twenty percent (20%) by the Employee."  Shervington complains that this terms is unconscionable because it restricts him from taking advantage of the arbitral forum because he cannot afford to pay twenty percent of the arbitration expenses, which he anticipates being between $600 and $1200 dollars.

"[A]n arbitration provision that makes the arbitral forum prohibitively expensive for a weaker party is unconscionable."  Parilla v. IAP Worldwide Services, VI, Inc., 368 F.3d 269, 284 (3d Cir. 2004).  The Third Circuit has held that "the prospect that the employee may have to pay the entire amount of the arbitrator's fees and expenses may serve to chill her willingness to bring a claim."  Id. at 284.  Thus, the question before the Court is whether Shervington has shown his inability to pay the anticipated arbitration costs.  See id.

Under the Employment Contract, Shervington's rate of compensation was $6.50 per hour.  He avers that, subsequent to his termination, his take home pay after deductions and rent is $198.34.  Given Shervington's anticipated compensation when he signed the Employment Contract and the expected costs of arbitration, the Court finds the cost-splitting provision substantively unconscionable.

**IV.    Whether the Unconscionable Terms are Severable**

Excising the cost-splitting provision, along with the portions of the arbitration provisions requiring that a written grievance be filed and that such grievance be filed within three-days, leaves a fair agreement that will accomplish the primary objective of the parties – providing a

mechanism to resolve employment-related disputes.  See Parilla, 368 F.3d at 287-88.  The unconscionable portions of the Employment Contract do not "evidence a deliberate attempt by an employer to impose an arbitration scheme designed to discourage an employee's resort to arbitration or to produce results biased in the employer's favor."  Id, 368 F.3d at 289.  Although the Employment Contract does not contain a provision which addresses the severability of its terms, the Court may nevertheless sever the unenforceable terms.  See Restatement (Second) of Contracts § 184(1).  Thus, the Court will enforce the arbitration provisions of the Employment Contract with regard to Shervington's claims against Gallows Bay except for the unconscionable portions, which the Court severs.

**V.    Conclusion**

The Court finds that the Employment Contract is enforceable in that it is not lacking in consideration and is not barred by Virgin Islands law, 24 V.I.C. § 74a.  The Employment Contract is procedurally unconscionable and substantively unconscionable to the extent that it calls for Shervington to pay 20% of the arbitration expenses, requires only Shervington, and not Gallows Bay, to file a grievance before presenting a demand for arbitration, and imposes unreasonable time limits.  Because these unconscionable terms do not permeate the arbitration provisions, they are severable and are severed.  The Court grants the motion to compel arbitration and to stay the proceedings.

ENTER:

DATE:    June 11, 2009            _____/s/_____
                                   SENIOR DISTRICT JUDGE
                                   RAYMOND L. FINCH